UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL KIM, as the co-debtor by the
void judgment of the State Court and as an
individual entitled to all proceeds of any sale
of the subject property forced or otherwise,

      Plaintiff,

v.                                                                     Case No: 8:20-cv-2225

CATHERINE PEEK McEWEN,
WESTWATER CONSTRUCTION, INC,        JURY TRIAL DEMAND
MARK S. MILLER, HUNTER W. CARROLL,
SHIRIN MOHAMMADBHOY VESELY,        Injunctive Relief requested
STEPHEN L. MEININGER, ERIC JACOBS,
STEPHANIE C. LIEB, Inclusive.

      Defendants.
_____/

In Re:

Trail Management, LLC                              Case No. 8:20-bk-00963

      Debtor in error,                                    Chapter 7
_____/

### DECLARATION OF MICHAEL KIM
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Michael Kim, being first duly sworn on oath, deposed and state as follows:

1. I have personal knowledge of the facts stated herein, and they are all true and correct. Should I be called upon to testify to the same, I can and will testify competently thereto.

2. I am the Managing Member of Trail Management, LLC ("TRAIL"), and am authorized to execute this Declaration on its behalf, as well as for myself.

3. I am familiar with the books and records of TRAIL, and the books and records pertaining to the account which is the subject of this action are maintained under my supervision and control, and are kept in the ordinary course of business, and the entries are made either (1) at or near the time that the transactions reflected in those records occurred; or (2) by other similar digital means that contemporaneously records an event as it occurs.

4. I have reviewed the books and records and the electronic books and records of TRAIL pertaining to the account which is the subject of this action.

5. As a result of my office as Managing Member of TRAIL, I have personal knowledge of the facts and circumstances surrounding the Complaint filed against the Defendants on behalf of myself and on behalf of TRAIL.

6. On January 28, 2016, I personally attended the IRS Tax Lien auction that was held at 5351 Saddle Oak Trail, Sarasota, FL 34241 (The "Property").

7. The State court Case No: 2013 CA 002930 NC had originally been filed by Stephen and Suzanne Morse ("MORSES") against Westwater Construction, Inc. ("WESTWATER") on April 3, 2013. The complaint was based on WESTWATER's Breach of contract in overcharging for its work by $384,362.25, and charging for work and labor never performed, and for materials never purchased. The entire mechanics lien (100% of the claim of lien value of $134,559.86) was a fraud as defined in FS 713.31.

8. WESTWATER filed a mechanics lien against the Morse property for $134,559.86 on December 20, 2012. A true and correct copy of Westwater's Mechanics lien is provided as [**EXHIBIT A**].

2

9. Stephen Morse was concerned why they had paid more than $724,000 on a contract that only required $598,000 and was concerned they had overpaid as the house was a mess and it was far from being completed. In November 2012, they hired a construction expert named David McCulla, an expert witness regarding construction contracts and lien analysis, to determine the status of the lien claim. After reviewing every payment and invoice and that included everything provided him by WESTWATER, as well as meeting with sub-contractors in person, Mr. McCulla determined that the entire lien was fraudulent, and that no money was due to WESTWATER. In fact, his analysis proved that WESTWATER owed over $384,000 to MORSES for unrefunded overpayment. A true and correct copy of Mr. McCulla's lien analysis is provided as [**EXHIBIT B**]. Mr. David McCulla is a qualified construction expert witness.

10.. On April 3, 2013, MORSES filed a lawsuit against WESTWATER, for Breach of Contract. At the time of the lawsuit, MORSES owed the IRS unpaid back taxes of $446,309.06, as the IRS had already filed and published Notice of Federal Tax Lien (NFTL) for $446,309.06 on October 3, 2011.

11.. On August 6, 2013, the IRS perfected its lien by filing a Federal Tax lien against the property. A true and correct copy of the recorded IRS tax lien is provided as [**EXHIBIT C**].

12.. On September 30, 2013, WESTWATER filed its Final Affidavit. A true and correct copy of WESTWATER's affidavit is provided as [**EXHIBIT D**].

13.. On October 18, 2013, WESTWATER filed an answer and counterclaim against MORSES along with a claim to foreclose on its Mechanics lien. A true and correct copy of WESTWATER's answer and counterclaim is provided as [**EXHIBIT E**].

3

14. On December 19, 2013, WESTWATER's mechanics lien became unenforceable against Creditors of Morse and subsequent purchasers of MORSES, per Florida Statute FS 713.22 and the Decks N such marine Inc V Daake 297 So. 3d 653 (Fla 1st DCA 2020).

15. When the IRS recorded against the property its Tax Lien on August 6, 2013, the IRS thereby perfected its tax lien.  The IRS Tax lien had priority over WESTWATER's unrecorded lis pendens, per FS 713.22 and the Daake decision.

16. On September 24, 2015, the IRS seized the property from MORSES.  Again, WESTWATER never recorded a lis pendens on the property.

17. On October 5, 2015, after realizing that the property was no longer owned by MORSES, and was now a "**PROPERTY OF THE UNITED STATES**", WESTWATER attempted to file an untimely Lis Pendens.  It was time-barred by FS 713.22 [FS 713.22 is a statute of limitations requiring filings to take place within one (1) year].

18. The IRS held a public auction on January 28, 2016.  There were 10 bidders.  MILLER and WESTWATER were present but declined to bid.  TRAIL and KIM were the highest bidders and acquired the property <u>directly from the IRS</u>, not MORSES.

19. Pursuant to Internal Revenue Codes and Internal Revenue Manual, the IRS is required to pay ALL mechanics lienors as priority, unless mechanics lienor failed to "perfect" its lien.

20. After it accepted the highest bid from KIM and TRAIL, the IRS decided **NOT to pay** WESTWATER, since it decided that WESTWATER was a junior lien holder to the IRS, recently reconfirmed by the IRS Office of Chief Counsel.

21. WESTWATER failed to raise the issue of priority to the IRS before the sale and after the sale.  WESTWATER never filed any Interpleader with the Federal court to determine lien priority, as they had a right to do.  In fact, on June 19, 2020, the Office of the IRS Chief Counsel said such action by WESTWATER against the IRS would have been "*fruitless*".

4

22. The IRS, by Federal Law IRC 6337, is required to allow a 180-day Redemption Period, to allow MORSE and all junior lien holders such as WESTWATER, to match the bid price, the highest bid by KIM and TRAIL, before the IRS could officially issue its IRS Director's Deed of Real Estate to the winning bidder, **_FREE OF ALL JUNIOR LIENS_** under IRS 6339 (c).

23. On August 1, 2016, after neither MORSES nor WESTWATER matched KIM's highest bid within the 180-day Redemption Period, the IRS issued its IRS Director's Deed of Real Estate to TRAIL, FREE OF ALL JUNIOR LIENS as required by IRC 6339 (c).

24. On September 16, 2019, WESTWATER settled with MORSES and <u>voluntarily dismissed all Contract and contract related claims *with prejudice*</u>.  The most important claim it voluntarily dismissed was its main claim, BREACH OF CONTRACT.

25. Despite its dismissal of its BREACH OF CONTRACT claim, WESTWATER and Hunter Carroll did NOT dismiss the case entirely.  Carroll allowed the foreclosure to continue *without a contract in dispute*, to foreclose on the property that MORSES had already lost the ownership of five (5) years ago to their Creditor, the IRS.

26. A very important point is that TRAIL and KIM were **_never so-called "subsequent purchasers_**" of MORSES since they never bought the property from MORSES.  The MORSES lost the property to their Creditor, the IRS on September 24, 2015 while there was NO Notice of Lis Pendens filed to protect WESTWATER's interest against any Creditor of MORSES.

27. The IRS, as the new owner of the property, sold the property and issued an official IRS Director's Deed of Real Estate to TRAIL on August 1, 2016.  A true and correct copy of the IRS Director's Deed of Real Estate is provided as [**EXHIBIT F**].

5

28. As the Chain of Title shows in **[EXHIBIT G]**, the property's ownership went from MORSE to the IRS on September 24, 2015, then from the IRS to TRAIL on August 1, 2016.  Neither TRAIL nor KIM ever took title of the property from the IRS "subject to" any junior liens including a mechanics lien.

29. I want to emphasize that at the IRS public auction, Mark S. Miller, ("MILLER"), the President of Defendant Westwater Construction, Inc. ("WESTWATER") was also present, but he did not make any bids for the Property.

30. WESTWATER's Mechanics lien was considered a junior lien because WESTWATER failed to perfect the lien as required by FS 713.22.  The Florida appellate decision in Decks N Such Marine Inc. V Daake, 297 So. 3d 653 (Fla 1st DCA 2020) Daake requires that a lis pendens must be recorded for priority.

31. I met with MORSE's attorney and his Expert Witness, Mr. David McCulla on February 3, 2017, and I learned a startling fact.  Not only did WESTWATER not get paid by the IRS for its junior lien to the IRS, Mr. McCulla has proven that the entire lien amount of $134,855.86 was a 100% fabricated lien!  Now I understood why MORSE sued WESTWATER for Breach of Contract and overbilling of over $380,000.

I declare under penalty of perjury of the Laws of the United States that the foregoing is true and correct.

Dated October 6, 2020,

Respectfully,

*[signature]*

Michael Kim